UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BONA FIDE DEMOLITION AND RECOVERY, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-3115-SSV-SS** |
| **CROSBY CONSTRUCTION COMPANY OF LOUISIANA, INC., et al** | |

### ORDER

BARBUTO'S MOTIONS RELATED TO BFDR'S MOTIONS FOR SANCTIONS AND TO DEEM FACTS ADMITTED (Rec. docs. 117, 118, 119, 120, 121 and 135)

**DENIED**

BFDR'S MOTION FOR SANCTIONS (Rec. doc. 90)

**DENIED IN PART AND DISMISSED IN PART AS MOOT**

BFDR'S MOTION TO DEEM FACTS ADMITTED AND FOR SANCTIONS (Rec. doc. 100).

**DENIED**

On June 4, 2007, the plaintiff, Bona Fide Demolition and Recovery, LLC ("BFDR"), filed a complaint against Crosby Construction Company of Louisiana, Inc., Crosby Construction, L.L.C, Crosby Enterprises, L.L.C, V. Crosby Construction, L.L.C., Levern Crosby, Jr. (collectively the "Crosby defendants"), and Stephen Barbuto ("Barbuto"). The complaint raises allegations concerning a venture for demolition work in New Orleans after Hurricane Katrina. Rec. doc. 1.

BACKGROUND

The trial was set for September 15, 2008. Rec. doc. 46. BFDR and the Crosby defendants moved to continue the trial. Rec. doc. 77. On October 2, 2008, the trial was reset for August 24, 2009. Rec. doc. 94. Counsel for the Crosby defendants and Barbuto filed motions to withdraw as counsel of record. Rec. docs. 82 and 84. The motions were opposed by BFDR. Rec. doc. 83. There was a status conference with the District Judge on October 23, 2008 at which the motions to withdraw were granted. The Crosby defendants were directed to enroll new counsel within ten days. Barbuto will appear in proper person. Rec. doc. 139.

On September 26, 2008, Barbuto filed a motion for protective order regarding his deposition which was noticed by BFDR for September 25, 2008 in New Orleans. Rec. doc. 92. Barbuto requested that he be deposed in Florida or by telephone and that he be relieved of the need to appear in New Orleans. He urged that he wanted to preserve his objections to jurisdiction and venue. The motion was denied. Rec. doc. 102. At the October 23, 2008 status conference, the District Judge ordered that Barbuto be deposed during the first week in December at his office in Florida. Rec. doc. 139.

On October 16, 2008, Barbuto filed a motion to dismiss based on lack of jurisdiction over the subject matter, person and improper venue. He argued that the dispute is between residents of Florida and Colorado, the alleged contract was consummated over the telephone, and he is resident of Florida. The motion is set before the District Judge on November 12, 2008. Rec. doc. 108.

On September 29, 2008, BFDR filed a motion for sanctions against Barbuto and the Crosby defendants for: (1) the cost of serving Barbuto with the complaint; and (2) the failure of the Crosby defendants to attend properly noticed depositions. Rec. doc. 90. The motion was noticed before the

District Judge, but it was referred to the undersigned. Rec. doc. 132. Counsel for the Crosby defendants submitted an opposition. Rec. doc. 105. BFDR submitted a reply. Rec. doc. 134.

On October 6, 2008, BFDR filed a motion to deem facts admitted and for sanctions.[1] Rec. doc. 100. BFDR filed a supplemental memorandum. Rec. doc. 116. The motion was noticed for October 29, 2008. Barbuto has not filed an opposition.

1.      Barbuto's motions.

Barbuto filed the following motions: (1) motion to continue hearing on motion to deem facts as admitted and for sanctions (Rec. doc. 117); (2) motion for expedited hearing of motion to continue (Rec. doc. 118); (3) motion to continue hearing on motion for sanctions (Rec. doc. 119); (4) motion for expedited hearing of motion to continue hearing (Rec. doc. 120); (5) motion to dismiss and/or motion to strike motion to deem facts as admitted and for sanctions (Rec. doc. 121); and (5) amended motion to dismiss and/or strike motion to deem facts as admitted and for sanctions (Rec. doc. 135). All of these motions raise the same issues. Barbuto urges that BFDR's motions are premature because: (1) his motion to dismiss is pending; and (2) he will be representing himself, so he requires time to familiarize himself with the pleadings and applicable rules for the case.

Barbuto's motions are without merit. The October 2, 2008 scheduling order notes that jurisdiction and venue are not established. Rec. doc. 94. July 14, 2009 is the deadline for the completion of discovery. The District Judge ordered that Barbuto be deposed during the first week in December. There is no basis for a stay of discovery.

2.      BFDR's motion for relief against the Crosby defendants.

On January 10, 2008, the trial was set for September 15, 2008. Rec. doc. 46. On September

---

[1] On October 27, 2008, BFDR filed a motion to deem facts admitted. The motion is concerned with requests for admission served on one of the Crosby defendants. Rec. doc. 137.

8, 2008, the Crosby defendants and BFDR filed a motion to continue the trial. Rec. doc. 77. This motion was granted on September 9, 2008. Rec. doc. 79.

On August 20, 2008, BFDR noticed the deposition of Mr. Crosby for September 8, 2008. Because of Hurricane Gustav, the deposition was postponed to September 25, 2008. On September 22, 2008, counsel for the Crosby defendants sought to withdraw on the basis that they were "unable to continue their representation in this matter." Rec. doc. 84 at 1. They emphasized that the Crosby defendants had not requested that they withdraw. On the eve of the September 24, 2008 deposition of Mr. Crosby, counsel for the Crosby defendants requested that the deposition be postponed. Rec. doc. 105 (Exhibit C). Even though the trial was continued, BFDR insisted that the deposition proceed on September 25, 2008.

The complaint was filed in June 4, 2007. Much of the delay is attributable to the actions of Barbuto. See BFDR's motion for additional time to serve Barbuto with summons, complaint, and amended complaint; and order of June 16, 2008 requiring Barbuto to pay BFDR's fees, costs and expenses for the motion and the process servers. Rec. docs. 60 and 63. While BFDR's frustration at the change of counsel for the Crosby defendants is understandable, it has not demonstrated that it was prejudiced by the delay in the deposition of Mr. Crosby. The request for sanctions against the Crosby defendants is denied.

3.  BFDR's motions for relief against Barbuto.

In its motion for sanctions, BFDR seeks an order requiring Barbuto to pay all costs and fees associated with: (a) serving him with the summons and complaint; and (b) the properly noticed depositions for which they did not appear. Rec. doc. 90. The first part of the relief sought by BFDR is moot since the District Judge ordered Barbuto to make payment of costs and fees within ten days.

Rec. doc. 139.

Notwithstanding Barbuto's responsibility for delays in this action for which he has been sanctioned, the circumstance concerning his deposition on September 24, 2008 are similar to those of Mr. Crosby in that Barbuto's counsel filed a motion to withdraw on September 22, 2008. Rec. doc. 82. BFDR's request for sanctions for Barbuto's failure to appear for his deposition on September 24, 2008 will be denied. It is noted that the District Judge ordered that he be deposed at his office in Florida.

BFDR served a pleading captioned as "July 30, 2007 Requests for Admission to Defendant, Stephen Barbuto." Rec. doc. 100 (Exhibit A). Barbuto responded. For numbers 3, 6 and 7, he objected on the basis that the requests sought information which was not relevant to the subject matter of the action. Rec. doc. 100 (Exhibit B). BFDR filed a motion to deem these requests admitted and for sanctions. Rec. doc. 100. On October 10, 2008, Barbuto, in proper person, sent a letter to BFDR in which number 3 was denied, number 6 was admitted in part and denied in part, and number 7 was admitted with a qualification. Rec. doc. 116 (Exhibit A). In a supplemental filing, BFDR sough relief for numbers. 6 and 7.

Request for admission no. 6.

BFDR requested that Barbuto admit that, "Anthony Barbuto is a member and member-manager of V. Crosby Construction, L.L.C." Rec. doc. 100 (Exhibit A). Barbuto responded:

> Admitted in part and denied in part, as Anthony Barbuto was acting as my agent and attorney–in-fact when the entity was formed and does not have any involvement or participate (sic) in the entity in any manner other than during its initial formation per my request and instructions.

Rec. doc. 116 (Exhibit A). BFDR reports that Anthony Barbuto is the son of Barbuto. BFDR presents sufficient documentation to demonstrate that Anthony Barbuto was a member of V. Crosby

5

Construction, L.L.C. from its organization on April 4, 2007 through September 24, 2007. Rec. doc. 100 (Exhibits C and D). The documentation does not demonstrate that Anthony Barbuto was a member-manager of the LLC. No further response is required.

Request for admission no. 7.

BFDR requested that Barbuto admit that, "Stephen Barbuto has had meetings with New Orleans politicians, including Dr. Ed Blakely, in an attempt to procure work for V. Crosby Construction, L.L.C." Rec. doc. 100 (Exhibit A). Barbuto responded:

> Admitted. However, this response is qualified to the extent that any meetings occurred in late 2007, long after the time that I had telephonic discussions with Plaintiff's counsel in Vail Colorado, which was the only contact that I ever had with Plaintiff.

Rec. doc. 116 (Exhibit A). The response is sufficient.

BFDR's motion to deem facts admitted and for sanctions is denied.

IT IS ORDERED that:

I. The following motions are DENIED: (1) motion to continue hearing on motion to deem facts as admitted and for sanctions (Rec. doc. 117); (2) motion for expedited hearing of motion to continue (Rec. doc. 118); (3) motion to continue hearing on motion for sanctions (Rec. doc. 119); (4) motion for expedited hearing of motion to continue hearing (Rec. doc. 120); (5) motion to dismiss and/or motion to strike motion to deem facts as admitted and for sanctions (Rec. doc. 121); and (5) amended motion to dismiss and/or strike motion to deem facts as admitted and for sanctions (Rec. doc. 135).

II. BFDR's motion for sanctions (Rec. doc. 90) is DENIED as to the Crosby defendants, and as to Barbuto the motion is DISMISSED in PART as MOOT and DENIED in PART.

III.  BFDR's motion to deem facts admitted and for sanctions (Rec. doc. 100) is DENIED.

New Orleans, Louisiana, this 3rd day of November, 2008.

**SALLY SHUSHAN**
**United States Magistrate Judge**