```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

BONA FIDE DEMOLITION AND                    CIVIL ACTION
RECOVERY, LLC

VERSUS                                      NO: 07-3115

CROSBY CONSTRUCTION COMPANY OF              SECTION: "R"
LOUISIANA, INC., CROSBY
CONSTRUCTION, LLC, CROSBY
ENTERPRISES, LLC, V. CROSBY
CONSTRUCTION, L.L.C., STEPHEN
BARBUTO AND LAVERNIE CROSBY, JR.


## ORDER AND REASONS

Before the Court is defendant Stephen Barbuto's motion to dismiss for lack of jurisdiction and improper venue. (R. Doc. 108). Bona Fide Demolition and Recovery, LLC (Bona Fide) sued Crosby Construction Company of Louisiana, Inc., Crosby Construction, LLC (CC), Crosby Enterprises, LLC (CE), V. Crosby Construction, LLC (VCC), Stephen Barbuto and Lavernie Crosby, Jr. in the Eastern District of Louisiana for breach of contract, fraud and other violations of Louisiana law.

Bona Fide filed suit on June 4, 2007. On March 17, 2008, the Court dismissed Bona Fide's fraudulent misrepresentation claim against Stephen Barbuto, because Bona Fide did not plead fraud with particularity. (*See* R. Doc. 52). Barbuto now moves to dismiss the remaining claims for improper venue and lack of subject matter or personal jurisdiction. Since Bona Fide has not properly alleged diversity jurisdiction in its complaint, the

Court dismisses the case on that basis.

Bona Fide invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332. (*See* R. Doc. 18). When jurisdiction depends on citizenship, citizenship must be distinctly and affirmatively alleged. *Getty Oil Corp., a Div. of Texaco, Inc. v. Insurance Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988)(citing *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975); *Illinois Cent. Gulf. R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983)("the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference" (citations omitted)). Bona Fide, CC, CE, and VCC are limited liability companies, and the citizenship of a limited liability company is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *See also Pramco, LLC ex. rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54-55 (1st Cir. 2006)(noting that "every circuit to consider this issue has held that citizenship of a limited liability company is determined by the citizenship of its members")(citations omitted). As a result, Bona Fide must list the citizenship of each member of each limited liability company to properly allege diversity of citizenship. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004); *See also Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533

(7th Cir. 2007).

In its amended complaint, Bona Fide provides membership information for only one of the limited liability companies in this case:

> Crosby Construction, L.L.C., is a limited liability company formed under the laws of the State of Louisiana, with a registered agent and registered office in Baton Rouge, Louisiana. Upon information and belief, *its sole member*, Crosby Enterprises, L.L.C., is domiciled in the State of Maryland.

(*See* R. Doc. 18 at ¶3)(emphasis added). For the remaining LLC's, Bona Fide lists only its state of organization and either its principal place of business or location of its registered office. (*See id.* at ¶¶ 1,3,4,6). While these allegations might be enough to allege the citizenship of a corporation, *Nadler v. American Motor Sales Corp.*, 764 F.2d 409, 413 (5th Cir. 1985), they are not enough for limited liability companies. *See Harvey*, 542 F.3d at 1080 (citations omitted). Further, Bona Fide's Opposition does not address subject matter jurisdiction and does not provide information sufficient for the Court determine the citizenship of the parties.[1] Since the Court cannot determine whether diversity of citizenship exists, Bona Fide has not carried its burden of proving subject matter jurisdiction. *See Rolling Greens MHP*, 374

---

[1] In its discussion of personal jurisdiction, Bona Fide indicates that VCC is a Louisiana/Florida LLC and attaches documents to that effect. (*See* R. Docs. 179-7, 179-8, 179-9). Bona Fide does not, however, provide similar information for the other defendant LLCs or, importantly, for Bona Fide itself.

3

F.3d at 1022-23; *See also Young v. North Mississippi Health Services Inc.*, 2000 WL 1741635, at *1 (5th Cir. 2000).

When a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint without prejudice. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977). Bona Fide's complaint is therefore dismissed, without prejudice.

New Orleans, Louisiana, this 18th day of February, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE