UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BONA FIDE DEMOLITION AND RECOVERY, LLC | CIVIL ACTION |
| VERSUS | NO: 07-3115 |
| CROSBY CONSTRUCTION COMPANY OF LOUISIANA, INC., CROSBY CONSTRUCTION, LLC, CROSBY ENTERPRISES, LLC, V. CROSBY CONSTRUCTION, LLC, STEPHEN BARBUTO, LAVERNIE CROSBY, JR., THOMAS KARAM, CAPES INVESTMENT, LLC, JOHN E. SEAGO, SEAGO & CARMICHAEL, APLC, ANTHONY BARBUTO, WEATHERTIGHT ROOFING, INC., BALTIMORE INDUSTRIES, INC., | SECTION: R(1) |

## ORDER AND REASONS

Before the Court is defendants Thomas Karam, Baltimore Industries Inc., and Capes Investment, LLC's motions to set aside the entries of default against them. (R. Doc. 305 and 319). For the following reasons, the Court GRANTS defendants' motions.

### I. PROCEDURAL BACKGROUND

Plaintiff Bona Fide Demolition LLC initially filed this suit on June 4, 2007. (R. Doc. 1). Bona Fide alleges that the named defendants participated in a scheme to defraud Bona Fide by inducing it to participate in a joint business venture to perform demolition work in the New Orleans, Louisiana area. Defendants

1

Karam, Baltimore Industries, and Capes Investment were not named in Bona Fide's First Complaint. (R. Doc. 1). On February 20, 2009 this Court dismissed Bona Fide's Complaint, without prejudice, because the Court lacked subject matter jurisdiction over the case as plaintiffs pleaded it. (R. Doc. 199 and 202). Bona Fide moved the Court to reconsider. (R. Doc. 203).

Before the Court reconsidered its February 20 Order, Bona Fide filed a second lawsuit. (No. 09-3095, R. Doc. 1). The suit alleged the same scheme to defraud. *Id.* This time, Bona Fide's Complaint also named defendants Karam, Baltimore Industries, and Capes Investment. *Id.* This Court issued a summons for each defendant and on March 23, 2009 Bona Fide served Karam, Baltimore Industries, and Capes Investment with a copy of its complaint. (NO. 09-3095, R. Doc. 10, 11, and 12). Karam, as the designated agent for service of process for Baltimore Industries and Capes Investment, received service for the two companies. (R. Doc. 11 and 12). Not one of the three answered.

Upon reconsideration, the Court granted Bona Fide time to amend its complaint to establish jurisdiction in the initial 2007 lawsuit. (R. Doc. 219). On April 28, 2009 Bona Fide did so by filing a Second Amended Complaint. (R. Doc. 220). The Second Amended Complaint named Karam as a defendant but did not name either Baltimore Industries or Capes Investment. (R. Doc. 220). Two days later, Bona Fide again amended its Second Amended

2

Complaint, this time adding Baltimore Industries and Capes Investment as defendants. (R. Doc. 228). The Court issued summons for Karam, Baltimore Industries, and Capes Investment, and each was served on May 8, 2009 with a copy of Bona Fide's Third Amended Complaint and instructed to answer by May 28, 2009. (R. Doc. 236, 237, and 238). On May 12, 2009, before each defendants' answer was due in the 2007 action, but after each defendants' answer was due in the 2009 action, the Court consolidated the two cases. (R. Doc. 233). As before, the new deadline to answer passed without any of the defendants filing a responsive pleading. On June 23, 2009 Bona Fide moved for entry of default as to Karam. (R. Doc. 272). This Court granted the motion. On July 24, 2009, Bona Fide moved for entry of default as to defendants Baltimore Industries and Capes Investment. (R. Doc. 299 and 230). This Court granted Bona Fide's motion. (R. Doc. 302 and 303).

Defendants then filed this motion to set aside the entries of default against them. (R. Doc. 305 and 319). Defendants argue that the entry of default should be set aside because their failure to file an answer to Bona Fide's complaint was not willful. (R. Doc. 319). In addition, defendants argue that setting aside the entries of default will not prejudice Bona Fide and that failure to do so would deprive them of potentially meritorious defenses. *Id.* In addition to this motion, Baltimore

3

Industries and Capes Investment filed a motion to dismiss for want of personal jurisdiction. (R. Doc. 353 and 354). Karam did not file a similar motion.

Bona Fide argues, on the other hand, that entry of default was properly entered against each defendant and should not be set aside because defendants' default was, in fact, willful. (R. Doc. 327). Bona Fide does not dispute that setting aside the entries of default will not prejudice it in any way, or that the three defendants do not have meritorious defenses to assert. *Id.*

## II. Legal Standard

Federal Rule of Civil Procedure 55(c) provides that a district court may set aside an entry of default "for good cause shown." Fed. R. Civ. P. 55(c). Good cause, for purposes of Rule 55(c), "is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely." *Dierschke v. O'Cheskey*, 975 F.2d 181, 183 (5th Cir. 1992). To determine whether good cause has been shown, a district court should consider (i) whether the default was willful; (ii) whether setting aside the default would prejudice the adversary; and (iii) whether the defaulting party has presented a meritorious defense to the claims against it. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); *Dierschke*, 975 F.2d at 183. These

factors are, however, nonexclusive, and a court may also consider additional factors, such as whether the public interest is implicated by the default, whether there was a significant financial loss to the defendant, and whether the defendant moved expeditiously to cure the default. *Dierschke*, 975 F.2d at 184. All of these factors should be viewed against the background principles that cases should, if possible, be resolved on the merits and that defaults are generally disfavored. *See Lacy*, 227 F.3d at 292 ("[F]ederal courts should not be agnostic with respect to the entry of default judgments, which are 'generally disfavored in the law' and thus 'should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.") (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984)); *Amberg v. Fed. Deposit Ins. Corp.*, 934 F.2d 681, 686 (5th Cir.1991) ("The Federal Rules are diametrically opposed to a tyranny of technicality and endeavor to decide cases on the merits. Strict enforcement of defaults has no place in the Federal Rules . . . .").

Though resolution of cases on the merits is preferable, the willful failure of a party to answer the complaint may provide sufficient justification to deny a motion to set aside an entry of default. *See Dierschke*, 975 F.2d at 184; *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 63 (5th Cir. 1992); *Hargay*

*v. City of New Orleans*, 12 F.3d 1099 (5th Cir. 1999)(stating that a willful failure to answer indicates a lack of good cause). When this is the case, a defendant must show that its failure to file an answer resulted from excusable neglect to set aside an entry of default. *See CJC Holdings*, 979 F.2d at 64 ("We therefore review the district court's determination of willfulness, but we suggest that district courts should use the less subjective excusable neglect standard in the future."); *American Airlines, Inc. v. Reinis*, 21 F.3d 1107 (5th Cir. 1994); *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005)(stating that for neglect to be excusable, the party must show good faith and a reasonable basis for noncompliance with court rules).

**III. Discussion**

Defendants have shown "good cause" to set aside the entries of default against them. Fed. R. Civ. P. 55(c). First, the Court finds that defendants' failure to file an answer in this matter amounts to excusable neglect, not willful conduct. Though defendants received proper service of Bona Fide's Complaints, their continued participation in discovery matters and settlement discussions suggest that their lateness was more akin to inadvertent oversight than deliberate recalcitrance. In email correspondence between Karam and Bona Fide's counsel, Serena

6

Pollack, each party discusses the scheduling of depositions and potential settlement of this suit. (R. Doc. 319, Ex. K). In his affidavit, Karam states that "[he] formed the belief that if [he] communicated with Ms. Pollack openly she would see that Baltimore Industries and Capes ought not be pursued." (R. Doc. 319, Ex. A). Pollack herself granted Karam an informal 30-day extension to file an answer and indicated Bona Fide's amenability to settlement if provided with an offer. (R. Doc. 319, Ex. A). This correspondence demonstrates that defendants were in constant communication with plaintiff's counsel. Defendants were not unavailable or otherwise unresponsive, as is commonly the case when a plaintiff moves for an entry of default. *See Effjohn Intern. Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). In addition, several other considerations weigh strongly in favor of setting aside the entries of default. Even though the underlying action has been ongoing for more than two years, the litigation is in its early stages, and plaintiffs will not suffer prejudice if the entries of default are set aside. These particular defendants were not named until Bona Fide amended its Complaint for a third time, and plaintiffs do not dispute that no prejudice would occur if the Court set aside the entries of default. Further, the defendants dispute both the factual and legal predicates of plaintiffs' claims, and the defendants have asserted a potentially meritorious defenses to

those claims-the personal jurisdiction of this Court. In addition, defendants acted expeditiously to cure their default. Karam moved the Court three weeks after the entry of default against him and Baltimore Industries and Capes Investment did so within the week the Court entered default against them. Accordingly, the Court finds that defendants have shown good cause for setting aside the entry of default against them, and the Court will GRANT defendants' motions.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motions to set aside the entries of default against them. (R. Doc. 305 and 319). Karam is hereby ORDERED to answer Bona Fide's third amended complaint by or before December 4, 2009. The Court will address the motions to dismiss of Baltimore Industries and Capes Investment in a separate order.

New Orleans, Louisiana, this 20th day of November, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE