UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BONA FIDE DEMOLITION AND                   CIVIL ACTION
RECOVERY, L.L.C.


VERSUS                                     NO: 07-3115


CROSBY CONSTRUCTION COMPANY                SECTION: R(1)
OF LOUISIANA, ET AL.



ORDER AND REASONS

        In this fraud and breach of contract case, plaintiff Bona

Fide Demolition and Recovery, LLC ("Bona Fide") moves[1] the Court

to reconsider its February 1, 2010 order[2] dismissing plaintiff's

claims against Capes Investment, LLC ("Capes").  Because Bona

Fide has not shown that Capes engaged in fraud or other

misconduct, or that Bona Fide was prevented from fully and fairly

presenting its case, the Court DENIES the motion.



_____

        [1]    R. Doc. 457.

        [2]    R. Doc. 413.

I.      **BACKGROUND**

        The relevant background will be summarized only briefly;
more extensive background can be found in the Court's order
dismissing Bona Fide's claims against Capes.[3]  Bona Fide, as well
as co-defendant and cross-claimant Weathertight Roofing, Inc.
("Weathertight"), allege that Capes was part of a fraudulent
business scheme to induce them to form joint business ventures
with Crosby Construction, LLC ("CC") and related companies
(collectively, the "Crosby Companies") in which they invested
money under false pretenses.  Defendants Lavernie Crosby, Jr.
("Crosby"), Thomas Karam ("Karam"), and John E. Seago ("Seago")
allegedly participated in representing to Bona Fide that the
Crosby Companies had received government demolition contracts
earmarked for minority-owned business following Hurricane
Katrina, and were well-positioned to receive more contracts.
Bona Fide agreed to form a joint venture with the Crosby
Companies to engage in that demolition work, and it also lent
money to the Crosby Companies.  When Bona Fide moved its
equipment and personnel to New Orleans, it allegedly found that
the Crosby Companies did not have functional offices, licensed
and credentialed staff, or government contracts.  Further, Bona

---

[3]      R. Doc. 413.

Fide discovered that Crosby was actively seeking additional investors, including co-defendant Stephen Barbuto.  Barbuto also reached certain agreements with Crosby, which Crosby allegedly breached.  Bona Fide and Barbuto demanded that Crosby return their investments, but Crosby did not do so.

Bona Fide filed suit on June 4, 2007,[4] and it amended its complaint to name Capes on April 28, 2009.[5]  Capes moved to dismiss, arguing that the Court lacks personal jurisdiction because Capes does not have sufficient contacts with Louisiana.[6] Bona Fide argued in response that Capes formed a single business enterprise (SBE) with the Crosby Companies and that those companies' contacts with Louisiana can therefore be imputed to Capes.[7]

On February 1, 2010, the Court granted Capes' motions to dismiss for lack of personal jurisdiction.[8]  Specifically, the Court found that Capes and the Crosby Companies did not form a single business enterprise under the eighteen-factor test

---

[4]     R. Doc. 1.

[5]     R. Doc. 220.

[6]     R. Docs. 318, 367.

[7]     R. Doc. 351.

[8]     R. Doc. 413.

4

articulated in *Green v. Champion Ins. Co.*, 577 So.2d 249 (La.App. 1 Cir. 1991).  First, the Court noted that although Capes owns a 46 percent interest in Crosby Enterprises, LLC ("CE"), which maintains an interest in Crosby Construction, common ownership is not dispositive of the SBE inquiry.  Second, the Court found that the evidence does not support plaintiffs' allegations that Karam maintained common control of the financial operations of Capes and the Crosby Companies.  Third, the Court found that, contrary to plaintiffs' assertions that Capes played a role in the alleged fraud, the evidence showed that Capes acted only as an investor in the Crosby Companies.  The Court concluded that Capes' minority interest in CE, along with its sharing of office space with the Crosby Companies, were not probative of an SBE.  The Court therefore dismissed the claims against Capes.

Bona Fide now asks the Court to reconsider its ruling dismissing Capes under Fed. R. Civ. P. 60(b)(3) and asserts that the dismissal was based on perjured testimony.

**II.   STANDARD**

Rule 60(b)(3) allows the Court to relieve a party from an order on grounds of "fraud . . . misrepresentation, or misconduct by an opposing party[.]"  To obtain relief under this provision, a party "must establish (1) that the adverse party engaged in

5

fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005). This provision "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *General Universal Systems, Inc. v. Lee*, 379 F.3d 131, 156 (5th Cir. 2004) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978)).  Misconduct may be established by evidence that the opposing party willfully committed perjury.  *General Universal Systems*, 379 F.3d at 156-57.

A party must prove the elements of Rule 60(b)(3) by clear and convincing evidence.  *Diaz v. Methodist Hospital*, 46 F.3d 492, 496 (5th Cir. 1995).  In deciding a Rule 60(b) motion, the Court must "balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts."  *Id.* at 638.  A district court has considerable discretion to grant or deny a motion for reconsideration.  *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

## III. DISCUSSION

In its motion for reconsideration, Bona Fide reasserts its argument that defendant Thomas Karam maintained common control of

6

the finances of Capes and the Crosby Companies.  Karam is the president of defendant Baltimore Industries, Inc. ("BI"),[9] which allegedly formed a single business enterprise with the Crosby Companies.[10]  He is also a board member of Crosby Enterprises, and he controls the financial operations of the Crosby Companies.[11]  Karam is also Capes' agent for service of process in Maryland.[12]

In holding that Capes did not form a single business enterprise with the Crosby Companies, the Court found that Karam did not possess an ownership interest in Capes, was not an officer or director of Capes, and did not commingle the finances of Capes and the Crosby Companies.  Specifically, the Court found:

> [C]laimants argue that Karam's common control of the financial operations of Capes and the Crosby Companies suggests that the companies are operated as a SBE.  (R. Doc. 351 and 384).  Karam, however, does not maintain an ownership interest in Capes.  (R. Doc. 351, Ex. A, Karam Dep.).  Nor is Karam an officer or director of Capes.  *Id.*  The evidence suggests, in fact, that Capes does not appear to be an operating company at all.  *Id.*  Rather, Capes serves as a vehicle through which individuals invested in the Crosby Companies.  (R. Doc. 351, Ex. A).  Excluding its

---

[9]    R. Doc. 351, Ex. A.

[10]   R. Doc. 413, Sec. II(D).

[11]   *Id.*

[12]   R. Doc. 351, Ex. A.

> investment in CE, there is no record that Capes, through
> Karam's control or otherwise, shared bank accounts,
> commingled funds, or conducted any financial transactions
> with the Crosby Companies.  (R. Doc. 351).  There is no
> evidence of shared employees or intermingling of finances
> between the two.  (R. Doc. 351).  Nor is there evidence that
> Karam commingled the finances of Capes with his other
> businesses, such as BI.  While Karam may have had a role in
> soliciting investments in the Crosby Companies through
> Capes, *see* R. Doc. 328, Pollekoff Dep., this evidence does
> not make a *prima facie* case that Capes operates as a SBE
> with the Crosby Companies.[13]

Bona Fide argues that these findings were based on perjured

testimony.  The Court is not persuaded by Bona Fide's arguments.

First, Bona Fide contends that Karam falsely represented

that he did not possess an ownership interest in Capes.  At his

second deposition, on May 19, 2010, Karam produced Capes'

Operating Agreement.  Karam executed that agreement as "trustee"

for an entity that, according to Schedule A of the agreement, had

a 50 percent interest in Capes.[14]  That entity, according to

Karam's deposition, is F&M Consultants.[15]  Bona Fide contends

that Karam's execution of the agreement as "trustee" contradicts

his earlier declaration, in which he stated that he is not a

member of Capes.[16]  Karam has consistently maintained, however,

---

[13]  R. Doc. 413, pp. 26-27.

[14]  R. Doc. 457, Ex. B, pp. 23-24.

[15]  R. Doc. 457, Ex. C, p. 357.

[16]  R. Doc. 351, Ex. A.

that he is not a member of Capes and that he has never had an individual interest in Capes.[17]   Karam contends that he used the word "trustee" in executing Capes' Operating Agreement to indicate that he was acting in only a representative capacity.[18] Karam acknowledges that this terminology was not technically accurate because he was not acting on behalf of a trust.[19]   But the fact remains that Karam did not have an interest in Capes in his individual capacity.  Bona Fide has failed to show that Karam's earlier statements, in light of his more recent deposition, constitute fraud or other misconduct.

Second, Bona Fide contends that Capes' federal income tax returns, prepared by Karam, were "arguably fraudulently prepared" because they reflect funds invested in the Crosby Companies, not Capes.  To the extent that Capes' tax returns reflect funds that individuals believed they were investing in the Crosby Companies, that is not inconsistent with the Court's finding that Capes served as a vehicle for individuals to invest in the Crosby Companies.  Bona Fide's equivocal language is telling, for it has

---

[17]   R. Doc. 457, Ex. C, pp. 353, 357; R. Doc. 351, Ex. A.

[18]   R. Doc. 471, Ex. B.

[19]   *Id.*

not shown by clear and convincing evidence that Capes' tax returns were fraudulent.

Bona Fide also asserts that Karam, in his first deposition, did not reveal that F&M Consulting owned an interest in Capes. In Karam's first deposition, the following exchange took place:

> Q.   Who are the members of Capes Investment, LLC?
> A.   I believe it's Harold Fink and Alicia Harkness and Jeff Harkness and, I believe, Phillip.
> Q.   So your son, your daughter, your son-in-law and the vice president of Baltimore Industries are the members of Capes Investment, LLC?
> A.   Correct.[20]

It appears, as Bona Fide argues, that Karam did not reveal F&M Consultants' 50 percent interest in Capes in his first deposition. But this omission does not constitute fraud or other misconduct. Karam used equivocal language when listing the members of Capes. He did not indicate at all, much less with any certainty, that the individuals he named were the only members of Capes. Rather, he twice used the words "I believe." Even if Thomas Karam's testimony was inaccurate, it was not necessarily fraudulent. Moreover, Karam also stated in his first deposition that "at some point" he transferred 100 percent ownership of F&M Consultants to his son Phillip, but he could not recall when he

---

[20]   R. Doc. 457, Ex. D, p. 51-52.

did so.[21]   Thus, Karam's listing of the membership of Capes may
have been substantially accurate, even though he did not separate
Phillip Karam's personal holding in Capes from his holding
through F&M Consultants.   Finally, Bona Fide does not even
attempt to articulate the significance of F&M Consulting's
partial interest in Capes to the SBE inquiry.   Thomas Karam
formed Capes,[22] just as he formed F&M Consulting,[23] but there is
no evidence that he retained a personal interest in either
entity.   Bona Fide has not demonstrated that F&M Consulting is
more closely related to the Crosby Companies than Capes is
itself.   F&M Consulting's interest in Capes does not indicate
that Capes and the Crosby Companies constitute a single business
enterprise.

Bona Fide also makes various other allegations, including
that Crosby Construction paid the Venable Law Firm in Baltimore,
Maryland to prepare Capes' Operating Agreement.   Bona Fide has
not demonstrated, however, that any failure to disclose this
information constituted fraud or other misconduct.   At most, Bona
Fide's arguments reveal minor inaccuracies or omissions that do

---

[21]   *Id.* at 56.

[22]   *Id.* at 52.

[23]   *Id.* at 55-56.

11

"nothing to unsettle the reasoning" of the Court's earlier order. *General Universal Systems*, 379 F.3d at 157 (not granting relief under Rule 60(b)(3) on the basis of isolated inaccuracies).

Moreover, Bona Fide has not shown that any fraud or other misconduct prevented it from fully and fairly presenting its case.  Bona Fide has not demonstrated that it previously lacked access to the documents, such as Capes' Operating Agreement and tax forms, that it now uses in its attempt to prove fraud and misrepresentation.  *See Diaz v. Methodist Hospital*, 46 F.3d 492, 497 (5th Cir. 1995) (when "a more focused effort by [a party] could have uncovered" the evidence at issue, that party has not been prevented from fully and fairly presenting her case).  Bona Fide had ample opportunity to obtain discovery and to argue that Capes and the Crosby Companies formed a single business enterprise.

Bona Fide has not raised any significant doubt as to the factors the Court relied upon in ruling that Bona Fide did not made a *prima facie* showing that Capes and the Crosby Companies formed a single business enterprise.  Those reasons are no less valid today than they were when the Court issued its ruling. Isolated inaccuracies that do "nothing to unsettle the reasoning" of an earlier order do not justify relief under Rule 60(b)(3). *General Universal Systems*, 379 F.3d at 157.  But even if Bona

12

Fide did succeed in raising doubts, a showing that a factual dispute exists is insufficient to obtain relief from an order under Rule 60(b)(3).  *See Diaz v. Methodist Hospital*, 46 F.3d 492, 497 (5th Cir. 1995) ("Rule 60(b)(3) is not intended to correct those outcomes which may be factually incorrect, but rather to protect against a party prevailing by unfair means."). Bona Fide has not come forward with clear and convincing evidence of fraud, misrepresentation, or other misconduct, nor has it shown that it was prevented from fully and fairly presenting its argument that Capes and the Crosby Companies formed a single business enterprise.  Thus, Bona Fide cannot obtain relief from the Court's order under Rule 60(b)(3).


**IV.  CONCLUSION**

   For the reasons stated, plaintiff's motion for reconsideration is DENIED.


   New Orleans, Louisiana, this <u>27th</u> day of September, 2010.

                    _____
                         SARAH S. VANCE
                    UNITED STATES DISTRICT JUDGE