UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BONA FIDE DEMOLITION AND RECOVERY,          CIVIL ACTION
LLC


VERSUS                                      NO: 07-3115


CROSBY CONSTRUCTION COMPANY OF              SECTION: R(1)
LOUISIANA, INC., CROSBY
CONSTRUCTION, LLC, CROSBY
ENTERPRISES, LLC, V. CROSBY
CONSTRUCTION, LLC, STEPHEN BARBUTO,
LAVERNIE CROSBY, JR., THOMAS KARAM,
CAPES INVESTMENT, LLC, JOHN E.
SEAGO, SEAGO & CARMICHAEL, APLC,
ANTHONY BARBUTO, WEATHERTIGHT
ROOFING, INC., BALTIMORE INDUSTRIES,
INC.


**ORDER AND REASONS**

In this fraud and breach of contract case, third party-claimants and cross-claim plaintiffs, Anthony Barbuto, Stephen Barbuto and Weathertight Roofing, Inc. (collectively the "Barbuto Parties"), move the Court to review the magistrate judge's order denying the motion for reconsideration of motion for leave to amend the pleadings. Because the Court finds that the Barbuto Parties have not made a showing of good cause to justify amendment of the pleadings after the scheduling order deadline, the Court DENIES the motion.

## I.    BACKGROUND

Plaintiff Bona Fide Demolition and Recovery, LLC filed this suit on June 4, 2007, alleging a general scheme to defraud by the named defendants, including Lavernie Crosby, the Barbuto Parties and the Crosby Companies.[1]  Bona Fide alleges that the Barbuto Parties participated in the scheme through their business relationship with Crosby and the Crosby Companies.[2]  The Barbuto Parties hired Michael L. Feinstein, a Florida attorney, as well as Robert W. Fenet, local Louisiana counsel, to represent them in this litigation.

Upon answering Bona Fide's complaint, the Barbuto Parties asserted crossclaims against Crosby, the Crosby Companies, Seago and other named defendants for breach of contract, fraud and intentional misrepresentation.[3]  Specifically, each asserted a cause of action for intentional and negligent misrepresentation against Baltimore Industries, Crosby, Crosby Construction LLC, Seago, Seago & Carmichael APLC and CNA Insurance Company.[4] Stephen Barbuto and Weathertight also asserted third-party actions against Feinstein for professional negligence.[5]

---

[1]  R. Doc. 1.

[2]  R. Doc. 228.

[3]  R. Doc. 331; R. Doc. 332; R. Doc. 365.

[4]  *Id.*

[5]  R. Doc. 332; R. Doc. 365.

On February 11, 2010, this Court entered a third scheduling order, setting March 15, 2010 as the deadline for filing amendments to pleadings, third-party actions, crossclaims and counterclaims.[6]  Magistrate Judge Sally Shushan issued an order dated August 4, 2010, denying Bona Fide's motion to amend to name Robert W. Fenet, the Fenet Law Firm, and Fenet Mortgage Corporation (collectively the "Fenet Group") as defendants, and the Barbuto Parties' motion to amend to add the Fenet Group as third-party defendants and amend and restate their claims against cross-claim defendants John Seago and Seago & Carmichael (collectively the "Seago Parties") and against third-party defendants Michael Feinstein and Feinstein PA (collectively the "Feinstein Parties").[7]  On August 24, 2010, Bona Fide and the Barbuto Parties' joint motion for reconsideration was also denied.[8]  The Barbuto Parties seek review of the order denying the motion for reconsideration.[9]


**II.  LEGAL STANDARD**

A magistrate judge may hear and determine any pretrial matter pending before a district court.  28 U.S.C. §

---

[6]  R. Doc. 414.

[7]  R. Doc. 507.

[8]  R. Doc. 555.

[9]  R. Doc. 578.

3

636(b)(1)(A). A district court employs a "clearly erroneous or contrary to law" standard to review the decision of a magistrate judge regarding a nondispositive matter. 28 U.S.C. 636(b)(1)(A); Fed. R. Civ. P. 72(a). This highly deferential standard requires the court to affirm the decision of the magistrate judge unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." *United States v. Unites States Gypsum Co.*, 333 U.S. 364, 395 (1948). Motions for leave to amend are generally considered nondispositive in nature and thus are subject to the "clearly erroneous or contrary to law" standard of review. *See Pyca Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996) (providing that a motion to amend is nondispositive in the context of Fed. R. Civ. P. 54(b) certification); *Palmore v. Hicks*, No. 09-13062, 2010 WL 2465187, at *2 (11th Cir. June 18, 2010) ("An order disposing of a motion to amend is a non-dispositive pretrial ruling."); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 n.6 (7th Cir. 2009) ("We have determined that a motion to amend is nondispositive, even where the ruling may prevent joining a defendant."); *Daley v. Marriott Int'l, Inc.*, 415 F.3d 889, 893 n.9 (8th Cir. 2005) (referring to plaintiff's motion for leave to amend her complaint as a nondispositive pretrial motion); *Kilcullen v. N.Y. State Dep't of Transp.*, 55 F. App'x 583, 584 (2d Cir. 2003) (referring

4

to a motion to amend the complaint and add a claim as a "non-dispositive motion"); *Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3d Cir. 1998) ("There is no dispute that the motion to amend filed by D'Andrea did not dispose of the lawsuit or a claim."); *Pagano v. Frank*, 983 F.2d 343, 346 (1st Cir. 1993) ("Under ordinary circumstances a motion to amend a complaint is a 'pretrial matter not dispositive of a claim or defense of a party' within the purview of Fed.R.Civ.P. 72(a).").

## III. DISCUSSION

Federal Rule of Civil Procedure 16(b) governs amendment of pleadings after a scheduling order's deadline to amend has expired. *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., L.L.C. v. Sw. Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (citation omitted). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id.* at 536. Four factors are relevant to good

5

cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* Ultimately, a court has "broad discretion to preserve the integrity and purpose of the pretrial [scheduling] order." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 547 (5th Cir. 2003).

In denying Bona Fide's and the Barbuto Parties' motions for leave to amend, Magistrate Judge Shushan correctly applied this standard.  In applying the "good cause" factors, Judge Shushan found that while the moving parties did not learn of the documents reflecting the interest of Fenet Mortgage Corporation in Crosby Construction until June 10, 2010, they failed to explain the importance of the proposed amendment in the context of this complex proceeding.[10]  Further, Judge Shushan found that there was not sufficient time remaining in the schedule to permit the Fenet Group to be prepared to try the case in December and comply with the other scheduling order deadlines.  Based on these findings, Judge Shushan denied the motions to amend, holding that the moving parties failed to demonstrate good cause under Rule 16(b).

---

[10]   R. Doc. 507.

6

In denying Bona Fide and the Barbuto Parties' Joint Motion for Reconsideration, Judge Shushan, again correctly applying the four factor test for good cause, held the motion to reconsider must be denied even if it is assumed that the Barbuto Parties have claims against the Fenet Group because there is simply insufficient time in the current schedule to allow counsel for the Fenet Group to prepare for trial.[11]  This is a complicated case where more than 40,000 documents have been produced by all parties.

The Court finds that Judge Shushan's determinations were not clearly erroneous or contrary to law.  The Barbuto Parties first sought leave to file their amended crossclaims and third-party actions on July 19, 2010.[12]  This amendment was sought over four months after the March 15, 2010 deadline for amendments previously imposed by this Court.  The Barbuto Parties proposed amendment, sought less than four months before the final pretrial conference, seeks to add the Fenet Group as a third-party defendant.  The potential prejudice in requiring the Fenet Group to prepare for trial in such a short period of time is substantial.  The new claims will require the Fenet Group to conduct substantial research and discovery.  Given the current discovery deadline of October 19, 2010, allowing the amendment

---

[11]  R. Doc. 555.

[12]  R. Doc. 489.

would cause undue prejudice to the Fenet Group.  The Fenet Group would suffer substantial prejudice if added as a third-party defendant at a time when the pre-trial conference, scheduled for November 18, 2010, is in less than one month; and the trial, scheduled for December 6, 2010, is in less than two months, in a case that has been pending for more than three years and has included the exchange of more than 40,000 documents in discovery. *Cf. ATC Tower Servs., Inc. v. M/A-Com Private Radio Sys., Inc.*, No. 02-196, 2003 WL 396349, at *1 (E.D. La. Feb. 19, 2003) (providing that an amendment seeking to add a new party two months after the deadline for amendments imposed by the court and only two months before the final pretrial conference in a case that had been pending for more than one year "militates in favor of denying the motion").

Further, as to the importance of the amendment, if the Barbuto Parties have claims against the Fenet Group for professional negligence, negligent misrepresentation, or intentional misrepresentation or fraud, they can bring the claims in a separate proceeding.  The addition of these alleged claims, a substantial portion of which are only tangentially related to the underlying facts of the case, would significantly expand the scope of the case at the eleventh hour.  Hence, the importance of the amendment in the context of this case is not sufficient to be controlling.

8

In addition, the Barbuto Parties allege that their proposed amended crossclaims against the Seago Parties and Feinstein Parties merely clarify their existing claims and do not offer any new theories of recovery against any of the cross-claim or third-party defendants.  This is not true.  It is apparent that through their proposed amended crossclaims, the Barbuto Parties are attempting to assert new claims of professional negligence against the Seago Parties.  The original crossclaims assert only claims of intentional/negligent misrepresentation against the Seago Parties.  Now, in its opposition to Seago's Motion to Strike Portions of Leslie Schiff's Expert Report and Testimony, the Barbuto Parties assert that their crossclaims are sufficiently broad to assert claims of professional negligence arising out of Seago's creation of VCCL.[13]  The Barbuto Parties claim that in creating VCCL, Seago failed to discuss an alleged conflict of interest, to disclose that creation of VCCL would impact the Barbuto Parties' security interests in other Crosby entities, to prepare the necessary documentation to protect the Barbuto Parties' security interests and to document the right of the Barbuto Parties to the tax benefit of investment losses.[14] The Barbuto Parties assert that the breach of these obligations gives rise to their claims for professional negligence.

---

[13]   R. Doc. 591.

[14]   *Id.*

The Court finds that the original crossclaims did not provide the Seago Parties with notice of claims of professional negligence.  The original crossclaims neither assert a theory of professional negligence nor any of the conduct allegedly giving rise to the claims of professional negligence that the Barbuto Parties seek to add.  Further, the Barbuto Parties have provided this Court with no indication that the conduct giving rise to claims of professional negligence was not known to them before the March 15, 2010 amendment deadline.

While the Court recognizes that it could extend the discovery period in order to cure the prejudice against the Fenet Group and the Seago Parties, such an extension would require the Court also to reset the current trial date of December 6, 2010. While Judge Shushan was without authority to grant a postponement of the trial date, a continuance of the trial date is not warranted in this case.[15]  This case has been pending for more than three years, and the trial date has already been continued twice before.  Further, the Court finds that granting a continuance would prejudice the other parties in this case. Under the circumstances, the Court finds that a continuance is not warranted.

The Magistrate's rulings on the Barbuto Parties' motion for leave to amend the pleadings and motion for reconsideration were

_____

[15]   R. Doc. 555.

10

not clearly erroneous or contrary to law.  The Barbuto Parties have failed to meet their burden in showing that good cause exists to amend the pleadings after the scheduling order deadline.  Allowing the Barbuto Parties to assert third-party claims against the Fenet Group and claims of professional negligence against the Seago Parties would drastically alter, less than two months before trial, the nature of the case. Accordingly, the Court denies the Barbuto Parties' motion for review of the Magistrate Judge's order denying reconsideration for leave to amend the pleadings to add the Fenet Group as a third-party defendant and amend their claims against the Seago Parties and Feinstein Parties after the scheduling order deadline.

**IV. CONCLUSION**

For the foregoing reasons, the Court DENIES the Barbuto Parties' Motion for Review of Magistrate Judge's Order Denying Motion for Reconsideration of Motion for Leave to Amend Pleadings.

New Orleans, Louisiana, this 20th day of October, 2010.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

11